UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

---

**This Document Relates to:**

*Nwatulegwu et al. v. Boehringer Ingelheim Pharmaceuticals, Inc.,* No. 3:15-px-1055-DRH-SCW

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on the plaintiffs' motion for voluntary dismissal (Doc. 8) and Boehringer Ingelheim Pharmaceuticals Inc.'s ("BIPI") response thereto and cross motion to show cause why the above captioned case should not be dismissed with prejudice for failure to comply with Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519) (Doc. 9).[1] The plaintiffs have not responded to BIPI's cross motion under CMO 78. Accordingly, the Court accepts as true the allegations in BIPI's motion (*see* Local Rule 7.1(c)),

For the reasons described herein the plaintiff's motion to dismiss is **DENIED. FURTHER,** the Court finds plaintiff has failed to show good cause for failure to comply with the requirements of CMO 78. Accordingly, the matter is **DISMISSED WITH PREJUDICE**.

---

[1] Plaintiff previously filed a motion for extension of time to complete discovery (Doc. 6) and BIPI opposed (Doc. 7). This motion is now moot.

CMO 78 applies to all plaintiffs with personal injury claims pending in this MDL at the time CMO 78 was entered and who did not opt-in to the voluntary settlement program. Additionally, CMO 78 applies to all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.[2]

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given a certain amount of time to cure the identified CMO 78 deficiencies ("Cure

---

[2] Since plaintiffs filed this action in the MDL after the entry of CMO 78, plaintiffs are required to satisfy the requirements of CMO 78..

Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[3] If the subject plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

As detailed in BIPI's motion, plaintiffs failed to comply with CMO 78 in two critical ways. First, plaintiffs failed to produce all records as required by Section II.A-C of CMO 78. Second, plaintiffs failed to provide expert reports as required by Section II. D-E of CMO 78. The requisite notice was provided to the plaintiffs and the plaintiffs failed to cure the identified deficiencies. As noted above, plaintiffs have not responded to the cross motion and accordingly, the Court presumes the allegations contained therein are true.

Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is a decision within the sound discretion of the district court. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d

---

[3] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties"; (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

174, 177 (7th Cir. 1994); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). A district court also has the discretionary power to deny a plaintiff's request to voluntarily dismiss a claim without prejudice. *Tolle*, 23 F.3d, at 177; *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Rule 41(a)(2) requires a plaintiff "to persuade the district court and to establish that voluntary dismissal is warranted." *Tolle*, 23 F.3d at 177.

Here, the plaintiffs have failed to establish that voluntary dismissal is warranted. Moreover, the plaintiffs did not timely fulfill the requirements of CMO 78 or timely cure the CMO 78 deficiencies. In addition, the plaintiffs have failed to respond to BIPI's cross motion to show cause. The failure to respond, standing alone, is sufficient grounds for dismissal of the present action. (*See* Doc. 519 §§ I.D., II.G.) ("Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice.")

As discussed above, the terms of CMO 78 require strict compliance. Pursuant to CMO 78, non-compliant parties are subject dismissal with prejudice absent a showing of good cause for the non-compliance. The plaintiffs have not established good cause. Accordingly, the Court has no choice but to deny the motion for voluntary dismissal and dismiss the present action with prejudice for failure to comply with CMO 78.

For the reasons described herein the plaintiffs' motion to dismiss without prejudice is **DENIED. FURTHER,** the Court finds plaintiffs have failed to show

good cause for failure to comply with the requirements of CMO 78. Accordingly, the matter is **DISMISSED WITH PREJUDICE**.

**FURTHER**, the Court instructs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of January, 2016

Digitally signed by Judge David R. Herndon
Date: 2016.01.07 21:26:15 -06'00'

**United States District Judge**